**WO** SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Lawrence Peterson,

Plaintiff,

vs.

Joe Arpaio, et al.,

Defendants.

No. CV 04-2276-PHX-SMM (LOA)

**ORDER**

Plaintiff Lawrence Peterson, who is confined in the Arizona State Prison Complex-Safford in Safford, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 regarding his confinement as a pretrial detainee at Maricopa County's Towers Jail. (Doc.# 1.)[1] Plaintiff filed an Amended Complaint before his Complaint was screened by the Court; the Court dismissed the Amended Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure with leave to file a second amended complaint. (Docs.# 5,#8.) Plaintiff filed a Second Amended Complaint, which corrected certain deficiencies, but which failed to set forth claims in individual counts against specific defendants, and was dismissed with leave to amend. (Doc.# 12.) Plaintiff has now filed a Third Amended Complaint. (Doc.# 13.) The Court will order Defendants Maricopa County, Arpaio, Camparano, Noble, Hayes, Durham and Easely to answer Counts 1, 2, 3, 4, 8, 9 of the Third Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

[1] "Doc.#" refers to the docket number of documents filed in this case.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**II. Third Amended Complaint**

Plaintiff alleges ten counts regarding his confinement at the Towers Jail regarding his conditions of confinement, medical care, retaliation for filing grievances, inadequate access to telephones, mishandling of legal mail and denial of access to the courts. He names the following Defendants: Maricopa County; Maricopa County Sheriff Joseph Arpaio; Captain Camparano, Lieutenant Noble, Sergeants Durham and Ellison, and Detention Officers Hayes, Easely and Graham; External Grievance Referee Swatzell; Maricopa County Correctional Health Services (CHS) and CHS physician Richard Friedman and Nurse C. Malta. For relief, Plaintiff requests compensatory and punitive damages.

Plaintiff alleges the following facts. Plaintiff was confined in the Towers Jail for ten months as a pretrial detainee. He alleges that during that period, as a result of policies, practices or customs of Maricopa County and Sheriff Arpaio, he was subject to overcrowded and unsafe conditions leading to violence among inmates and during which he ate and slept on floors or in triple-bunked cells (Count 1); Captain Camparano denied him recreation, pursuant to Arpaio's policies, and confined him in a cell 24-hours a day without access to the day room except to walk over inmates lying on the floor to shower (Count 2); and he was provided meals that consisted of outdated and spoiled food or food infested with worms or maggots that were prepared in a condemned former morgue contaminated by asbestos and lead paint with the only edible food available by purchase from Arpaio at exorbitant prices (Count 3). Plaintiff also alleges that conditions at the Towers Jail were unsanitary, with human waste in the showers, insufficient cleaning supplies provided to inmates, and

contagious inmates housed with well inmates, which lead to widespread serious infections (Count 9). In addition, Plaintiff alleges that Captain Camparano, Lieutenant Noble, and DOs Easely and Graham retaliated against him for filing grievances regarding his conditions of confinement (Count 8).

Plaintiff further alleges that on November 13, 2004, DO Hayes poured ammonia into a bucket of bleach causing a chemical reaction that released toxic gas into the pod. He alleges that Hayes increased his exposure to the toxic gas by requiring him to return to his cell and that, even though Plaintiff was the person most exposed to the gas, Hayes and Sergeant Durham prevented him from receiving medical treatment for 20 hours, while other, less exposed, inmates were transported to the hospital (Count 4).[2]

Plaintiff also alleges that pursuant to a policy, custom or practice of Maricopa County and Sheriff Arpaio: his legal calls were monitored and/or recorded and that only one phone for legal calls was available for 70 inmates (Count 5). Further, he alleges that his mail from Inmate Legal Services (ILS) and his attorney were opened by jail staff outside his presence and that, in response to grievances, Sergeant Ellison said that mail from an attorney did not constitute legal mail and external grievance referee Swatzell determined that jail staff could open legal mail (Count 6). Plaintiff alleges that "Arpaio's" ILS impeded his access to the courts by taking weeks to respond to his requests for legal materials and wrongfully refusing to provide such materials and that Captain Camparano and Swatzell failed to act on his grievances regarding ILS (Count 7).

Finally, Plaintiff alleges that Dr. Friedman and Nurse Malta failed: (a) to provide follow-up care following his exposure to toxic gas, at issue in Count 4; (b) to respond to his medical requests for weeks; (c) to place him in a separate medical holding tank so that he was not confined with contagious inmates; (d) to provide creams and antibiotics within a

---

[2] Plaintiff also alleges that he did not receive a prescribed inhaler for two days, that unnamed Maricopa County Sheriff's Office deputies confiscated the inhaler in a cell search and that he never received a follow-up exam ordered by a hospital physician. (Doc.# 13 at 6A.) Because Plaintiff fails to connect these allegations to any of the Defendants, they will be dismissed.

reasonable time resulting in Plaintiff having to have tissue lanced; (e) to provide him a washrag to clean wounds; (f) to respond to widespread outbreak of marsa [sic], staph and other infections; and (g) to house Plaintiff away from ill inmates (Count 10). Plaintiff also alleges that Arpaio and the County are "partly responsible" for the allegedly deficient operation of Correctional Health Services (Count 10).

**III. Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege (1) that the conduct about which he complains was committed by a person acting under the color of state law and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Also, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). In addition, liability under § 1983 may not be based on *respondeat superior*, that is, a defendant's position as the supervisor of a person who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**A. Hart v. Hill**

Plaintiff seeks relief for claims in part based on Hart v. Hill, No. CIV 77-0479-PHX-EHC (D. Ariz). (Doc.# 13 at 4, 9.) Jurisdiction to enforce the judgment in Hart is retained by the court that entered it, Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004), and Plaintiff may not enforce the decree entered in Hart in a separate civil rights action, Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Moreover, standing alone, remedial orders, such as that entered in Hart, cannot serve as a substantive basis for a § 1983 claim for

damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Rather, remedial decrees are the means by which unconstitutional conditions are corrected. Id. at 1123. For these reasons, Plaintiff may not properly seek § 1983 relief to enforce Hart in this action; instead, he must allege a violation of his constitutional rights. Therefore, to the extent that Plaintiff seeks to enforce Hart, his claims will be dismissed.

**B. CHS**

CHS is not a proper Defendant. While Arizona places responsibility for operating county jails by law upon the sheriff, see A.R.S. §§ 11-141(A)(5), 31-101, Maricopa County is responsible for the provision of medical care to inmates. CHS is an administrative creation of the County that is not a "person" amenable to suit under § 1983. Therefore, Correctional Health Services will be dismissed as an improper Defendant.

**C. DO Graham**

In Count 8, Plaintiff alleges that Captain Camparano, Lieutenant Noble, and DOs Easely and Graham retaliated against him for filing grievances (Count 8). An inmate may state a constitutional claim for retaliation where, for example, he alleges that a grievance was denied in retaliation for exercising a constitutionally-protected right. Under the Constitution, an inmate may not be penalized for the contents of a grievance, Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), nor may he otherwise be retaliated against for filing a grievance, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th 1989). Plaintiff only alleges that Graham threw a roll of toilet paper at him; he alleges no facts to support that Graham did so in retaliation for Plaintiff's filing of grievances or that any such retaliatory act was more than *de minimis*. That is insufficient to state a claim. Graham will be dismissed.

**D. Denial of Telephone Access/Monitoring of Legal Calls (Count 5, in part)**

In Count 5, Plaintiff alleges in part that Maricopa County and Arpaio violated his constitutional rights by having his legal calls monitored and/or recorded and that the only telephone from which he could make legal calls was subject to monitoring and/or recording. The United States Constitution does not provide for an unfettered right to use a telephone.

Rather, to state a constitutional claim, a plaintiff must allege that the use of a phone is connected to another constitutional right, such as the right of free speech or access to the courts. Even then, a telephone is only one means for an inmate to exercise the extremely limited First Amendment right to communicate with persons outside the prison. Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002). That same right may be met through other means such as correspondence or personal visits.

To the extent that Plaintiff complains that the provision of one telephone for 70 inmates to make legal calls violated his First Amendment rights, Plaintiff fails to state a claim where he does not allege that he lacked any other means to contact counsel or others outside the jail. To the extent that Plaintiff contends that monitoring or recording of legal calls violated his constitutional rights, he acknowledges that he was aware that calls were subject to recording or monitoring and he fails to set forth facts supporting that he lacked any other means to communicate confidentially with his attorney. These allegations fail to state a claim and will be dismissed.

**E. Legal Mail (Count 6, in part)**

In Count 6, Plaintiff alleges that jail staff opened legal mail from ILS and his attorney outside his presence. (Doc.# 13 at 8.) Prisoners have a constitutional right to have their legal mail delivered to them uncensored and unread. Lemon v. Dugger, 931 F.2d 1465 (11th Cir. 1991). However, "[m]ail from the courts, in contrast to mail from a prisoner's lawyer is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Further, a single instance of inadvertent opening of legal mail outside an inmate's presence, while not to be condoned, is not actionable as a constitutional violation. Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (an isolated incident of opening prisoner's constitutionally protected legal mail, without any evidence of improper motive or resulting interference with the prisoner's right to counsel or to access to the courts, does not give rise to a constitutional violation); see Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006) (pattern or practice of opening properly marked legal mail may violate the First Amendment).

Plaintiff fails to allege facts to support that mailings from ILS constitute "legal mail." To the extent that Plaintiff alleges that mail from his attorney was opened outside his presence, he fails to set forth facts supporting that any such occurrence was more than an isolated incident. Plaintiff's allegations regarding the handling of his legal mail otherwise are conclusory and insufficient to state a claim. Accordingly, those allegations will be dismissed.

**F. Access to the Courts (Count 7, in part)**

In Count 7, Plaintiff alleges that "Arpaio's" ILS or staff denied him access to legal texts, and thereby denied him access to the courts. (Doc.# 13 at 9-9A.) The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however, only encompasses the right to bring petitions or complaints in state or federal court, not the right to discover or even effectively litigate such claims once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability--the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. In addition, to state a claim for denial of an access to courts claim, a plaintiff must allege that he suffered an "actual injury" with respect to contemplated litigation; he must allege that the conduct of a defendant prevented him from bringing to court a nonfrivolous claim that he wished to present. Id. at 351-53. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Id. at 348. Thus, for example, the denial of the use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action.[3] Id. at 351-53.

---

[3] Similarly, an inmate must establish that he has suffered an "actual injury" where he alleges that he was denied reasonable access to the law library. Vandelft v. Moses, 31 F.3d

Plaintiff has not alleged that any Defendant, including Sheriff Arpaio, has enacted or enforced a policy, custom, or practice that prevented him from bringing a nonfrivolous action to court. Plaintiff also fails to allege facts supporting that he suffered any actual injury from the alleged denial of legal assistance by ILS. Plaintiff, therefore, fails to state a claim for denial of access to the courts.

**G. Alleged Failures to Respond to Grievances (Counts 5-7, in part)**

In Counts 5-7, Plaintiff alleges that Ellison, Swatzell and/or Camparano failed to sustain or take action in response to Plaintiff's grievances regarding the recording or monitoring of his legal calls, the alleged opening of legal mail outside his presence and/or ILS delays in responding to, or granting, Plaintiff's requests for legal materials. (Doc.# 13 at 7, 8, 9.) There is no free-standing constitutional right to a grievance process because inmates do not have a protected liberty interest in jail or prison grievance procedures. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996) (jail); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (prison); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494, 493 (8th Cir. 1993) (*per curiam*). Therefore, to the extent that Plaintiff alleges constitutional violations by Ellison, Swatzell and/or Camparano for failing to act on his grievances, he fails to state a claim and those allegations and Defendants Ellison and Swatzell will be dismissed.

**H. Deliberate Indifference to Serious Medical Needs (Count 10)**

In Count 10, Plaintiff alleges that Dr. Friedman and Nurse Malta failed to provide follow-up care ordered by the hospital after his exposure to toxic gas; to adequately treat ear infections despite repeated requests over an extended period of time; to provide him with creams and antibiotics within a reasonable time resulting in Plaintiff having to have tissue lanced; and to supply Plaintiff with a wash rag to clean his body and wounds. He also alleges that they, along with Arpaio, the County, Camparano and CHS supervisors, failed to separate Plaintiff from ill inmates; to ensure a healthy environment and conditions at the jail; or to ensure that Plaintiff received adequate and timely medical care. (Doc.# 13 at 12-12A.)

---

794, 797 (9th Cir. 1994).

To state a claim for a constitutional violation regarding medical care, a plaintiff must allege facts that support that he had a serious medical need and that a defendant acted with deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (describing standard for convicted inmates); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) (describing standard for pretrial detainees). Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). However, "'[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'" Lopez, 203 F.3d at 1132 (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). Further, a delay in receiving medical care, without more, is insufficient to state a claim against jailors for deliberate indifference unless the plaintiff can show that the delay in treatment harmed him. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's first three allegations fail to state a claim against Friedman and Malta because he fails to set forth facts establishing that he had a serious medical need and/or that Friedman and Malta acted with deliberate indifference to that need. Plaintiff has not set forth facts supporting that there was a serious medical need for a medical follow-up after his exposure to toxic gas or that they intentionally failed to treat him despite knowledge of such need. Similarly, Plaintiff's allegations regarding treatment of his ear infections or to provide him with cream or antibiotics fail to set forth facts that if proved would show that either acted with deliberate indifference or that Plaintiff had a serious medical need. Finally, Plaintiff has not set forth facts supporting that he had a serious medical need for a "wash rag." Plaintiff's remaining allegations are conclusory, vague and/or based solely on respondeat superior and, therefore, fail to state a claim. Count 10 will be dismissed.

**IV. Claims For Which An Answer Will be Required**

Plaintiff sufficiently states a claim regarding his conditions of confinement against Sheriff Arpaio and Maricopa County in Counts 1, 3, 9; against Arpaio and Camparano in

Count 2. He also sufficiently states a claim for deliberate indifference to his safety and/or medical needs against Hayes and Durham in Count 4; for retaliation against Camparano, Noble and Easely in Count 8.

**V. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**D. Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts 5, 6, 7 and 10 and Defendants CHS, Graham, Swatzell, Ellison, Friedman and Malta are **dismissed** without prejudice.

(2) Defendants Maricopa County, Arpaio, Noble, Camparano, Durham, Easely and

Hayes must answer Counts 1, 2, 3, 4, 8 and 9.

(3) The Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint (doc.# 13), this Order, and both summons and request for waiver forms for Defendants Maricopa County, Arpaio, Noble, Camparano, Durham, Ellison and Hayes.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Third Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure for individuals and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure for municipal corporation or other local governmental agencies. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, Third Amended Complaint, and this Order upon each Defendant pursuant to Rule 4(e)(2) for individuals, or Rule 4(j)(2) for municipal corporation or other local governmental agencies of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service

for each Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and the Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 21st day of November, 2006.

Stephen M. McNamee
United States District Judge